UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: VYTORIN/ZETIA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL 1938<br>Master Docket No. 08-285 (DMC)<br><br>CASE MANAGEMENT ORDER NO. 1 |
| THIS DOCUMENT RELATES TO:<br><br>ALL CASES | |

WHEREAS, the Court held a conference on April 22, 2008 to address preliminary issues with respect to the future conduct of the above-captioned multidistrict litigation (the "Litigation"),

NOW THEREFORE,

IT IS this 25 day of April, 2008 ORDERED as follows:

1. **APPLICABILITY OF ORDER**

Prior to the initial pretrial conference and entry of a comprehensive order governing all further proceedings in this case, the provisions of this Order shall govern the practice and procedure in the civil actions that were centralized in this Court by the Judicial Panel on Multidistrict Litigation pursuant to its Order of April 8, 2008 and listed on Exhibit A. This Order also applies to all related cases filed in the United States District Court for the District of New Jersey and any related or "tag-along" actions filed in, removed to, or transferred to this Court.

2. **COORDINATION OF ACTIONS**

The civil actions listed on Exhibit A shall be coordinated for pretrial purposes. Any "tag-along actions" removed to or transferred to this Court, or any related actions filed in the District of

1

New Jersey, will automatically be coordinated within the Litigation without the necessity for future motions or orders.

3.  PRE-TRANSFER ORDERS AND RESPONSES TO COMPLAINTS

In order to facilitate the coordination of this Litigation, this Order vacates any prior case management or scheduling order issued by any federal court prior to the transfer of a case to this Litigation by the Judicial Panel on Multidistrict Litigation. The parties shall exchange copies of all such orders of which they are aware within 5 business days of this order. The defendants are granted an extension of time to answer, move or otherwise respond to the Complaint(s) until a date to be set at the initial pretrial conference. This Court is informed that the parties are aware of and acknowledge their respective obligations to preserve documents and data relating to the subject matter of these MDL proceedings and to comply with such further preservation and discovery orders as the Court may issue in these proceedings. Interim Liaison Counsel shall coordinate with plaintiffs and confer with defendants to prepare and submit agreed or opposing forms of document preservation orders for the Court's consideration.

4.  MASTER DOCKET

A Master Docket is hereby established for the Litigation. The Master Docket shall be Civil Action No. 08-____ (DMC). Entries in the Master Docket shall be applicable to all civil actions in the Litigation as more fully set forth below. Separate dockets shall also be maintained for each of the civil actions in the Litigation, and entries shall be made therein in accordance with the regular procedures of the Clerk, except as modified by this Order.

5.  MASTER FILE AND SEPARATE ACTION FILES

2

The Clerk shall establish a Master File for the Litigation. The Master File shall be Civil Action No. 08-___ (DMC). The original of this Order shall be filed by the Clerk in the Master File herein established. The Clerk shall maintain a separate file for each of the civil actions in the Litigation and for any related civil action filed in or transferred to this Court after the date hereof. All filings shall be made therein in accordance with the regular procedures of the Clerk except as modified by this Order. The Clerk shall file a copy of this Order in each such separate file. All future orders, pleadings, motions and other documents applicable to "All Cases" as explained in Paragraph 6 below, shall, when filed and docketed in the Master File, be deemed filed and docketed in every civil action in the Litigation.

6. CAPTION OF CASES

A. Every document filed in the Litigation shall bear the following caption:

| | |
|---|---|
| IN RE: VYTORIN/ZETIA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION ) ) ) ) ) THIS DOCUMENT RELATES TO: ) ) ) | MDL 1938 Master Docket No. 08-285(DMC) |

All papers previously filed and served to date in any of the civil actions in the Litigation are deemed part of the file in those actions.

B. When a pleading or other court paper filed in the Litigation is intended to apply to all civil actions therein, the words "All Cases" shall appear immediately after the words "THIS DOCUMENT RELATES TO" in the caption set out above. When a pleading or other court paper is intended to be applicable to less than all of the civil actions in the Litigation, the party filing the

document shall indicate in the caption above the civil action(s) to which the document is intended to apply, and shall do so by identifying the last name of the named plaintiff(s) and the docket number(s) of the actions.

7. FILING AND DOCKETING

A. When a paper is filed and the caption, pursuant to Paragraph 6(B). above, indicates that it is intended to apply to "All Cases," such paper shall be filed in the Master File and the Clerk shall note such filing in the Master Docket. Such papers need not be filed, and docket entries need not be made, in any other case file or docket.

B. When a paper is filed and the caption, pursuant to Section 6(B). above, indicates that it is intended to apply to fewer than all of the civil actions in the Litigation, such paper shall be filed in the Master File and in the file of each specific action to which the paper is intended to apply, and the Clerk shall note such filing in the Master Docket and in the docket of each such action.

C. When a related action is filed in this District or is transferred to this District by the Judicial Panel on Multidistrict Litigation, the Clerk shall: (a) file a copy of this Order in the separate file created for that action; (b) make an appropriate entry on the Master Docket, and (c) mail to the attorneys for the plaintiff in the newly-filed or transferred civil action a copy of this Order.

8. ORGANIZATION OF COUNSEL

A. The Court designates the following to act on behalf of all Plaintiffs as Plaintiffs' Interim Liaison Counsel in the Litigation, with the responsibilities hereinafter described:

    1. James E. Cecchi – Carella Byrne
    2. Christopher Seeger – Seeger Weiss

B. Plaintiffs' Interim Liaison Counsel shall be charged with performing on behalf of all Plaintiffs in the Litigation the following: communications between the Court and other counsel,

4

advising parties of developments in the case and otherwise assisting in the coordination of activities and positions pending further order of the Court.

C. Plaintiffs' Interim Liaison Counsel shall have authority to coordinate with plaintiffs' counsel and to communicate with Defendants' counsel and the Court on behalf of all Plaintiffs.

D. The organizational structure of Plaintiffs' counsel established in this order herein shall apply to Plaintiffs' counsel in the Litigation and any related civil action that becomes part of the Litigation subsequently. Interim Liaison Counsel shall coordinate among Plaintiffs' counsel, and submit to the court for its consideration, a proposed Plaintiffs' organizational structure no later than May 6, 2008, if there is consensus among plaintiffs' counsel. Interim Liaison Counsel shall report to the Court by May 6, 2008 as to the status of any agreed upon leadership structure for submission to the Court. In the event plaintiffs cannot reach consensus on a proposed leadership structure by that date, the Court will establish a protocol for submission by Plaintiffs' counsel seeking appointment as Class Counsel (including Lead Counsel, Co-Lead Counsel, Liaison Counsel, or any other position counsel deems appropriate) on behalf of the proposed class.

E. Paragraphs 8 (A), 8(B), 8(C) and 8(D) shall automatically expire upon the appointment of Counsel under Rule 23(g) of the Federal Rules of Civil Procedure.

F. Admission of Attorneys. Each attorney not a member of the bar of this Court who is acting as counsel for a plaintiff or defendant herein shall be deemed admitted *pro hac vice* to practice before this Court in connection with these proceedings, provided that Rule 101.1 of the Local Rules of Civil Procedure for the District of New Jersey is satisfied. Interim Liaison Counsel and counsel for Defendants shall provide the Court with a list of counsel for each party, identifying primary counsel and local counsel, if any, and the party such counsel represents.

5

9.  FILING AND SERVICE OF DOCUMENTS

A.  Orders. A copy of each order in any of the civil actions in the Litigation shall be provided to Plaintiffs' Interim Liaison Counsel and to Defendants' counsel of record.

B.  Filing and service of any document in the Litigation shall be effected pursuant to the Court's Standing Order concerning Electronic Case Filing Policies and Procedures, as amended.

_____
Hon. Dennis M. Cavanaugh, U.S.D.J.

6